The. opinion of the court was delivered by
Tilghman, C. J.
The act of the 19th of April, 1794, “ directing the descent of the intestate’s real estates, and distribution of their personal estates, &c. in its fourteenth section directs the order in which debts due from the intestate shall be paid by his administrators, out of the personal assets. With the real estate, unless sold by order of the Orphans’ Court, the administrator has nothing to do; but the law is undoubted, that the money proceeding from the sale of real estate, when applied to the payment of debts, is. subject to the same order of payment as the personal *300 estate. In Pennsylvania, the real estate of a deceased person, has always been liable to the payment of his debts, of whatever nature. But we have one singularity. — Although the executor or administrator has no power to sell the land, yet it may be sold on a judgment against him, whether in the possession of the heir or a devisee. If the administrator has no personal assets, he may plead the want of assets, against an action by a creditor; and, if the jury find in his favour, no judgment can go against him, but in such case the plaintiff may pray judgment de terris, &c. and of assets, guando acciderint, which is entered of course. Wilson v.Hunt’s Executors, 1 Peters’ Rep. 442, in notes. Where the administrator does not plead want of assets, and judgment goes against him, and an execution is levied on the personal estate, the plaintiff is ■entitled to payment of his whole debt, nor-will the court enter into any consideration of the nature of the debt; because it was the business of the administrator to have attended to that, and if he has suffered judgment to go against him, for a simple contract debt, when there were not sufficient assets to pay both the simple contract debts, and those of a superior nature, he has been guilty of a devastavit, for which he is responsible to the injured creditors. But as to land, the case is different. The land not being assets in the hands of the administrators, he is not responsible for it, nor can he plead that there is not sufficient land to pay all the debts. What then is to be done, where a creditor, having entered judgment de terris, &c. takes out an execution, and sells the land? In such case, there has been no confession which entitles him to a preference, nor has the administrator been guilty of a devastavit, for which he is responsible to the creditors. Then, either the act of assembly, prescribing the order in which debts shall be paid, must be defeated, or the court, from which the execution issued, must devise the means of carrying it into effect. In the case of Wootering v. Stewart’s Executors, 2 Yeates, 483, it was decided, that the judgment de terris gave the plaintiff no preference in the order of payment. But the circumstances of that case, which has always been regarded as settled law, did not render it necessary for the court to make any order for the appropriation of the money in the hands of the sheriff. I have said before, that the Orphans’ Court has power to order a sale of lands for the payment of debts. This power is 'given by the act of 1794, sect. 19. And when the land is thus sold, that court, of course, takes order as to the appropriation of the money. But the Orphans’ Court has no power over money brought into the common law courts, by virtue of an execution. In such case, therefore, it is our clear and decided opinion, that, in order to prevent a failure of justice, the court, from which the execution issues, must assume the power of carrying the act of assembly into effect, and make all orders necessary for that purpose. This may be attended with difficulty and delay, but not more than if the proceeding had been in the Orphans’ Com í. *301 Reasonable notice must be given to creditors, and those who do not avail themselves of the opportunity, must suffer for their negligence. In the present case there is no difficulty. Landis asks for payment of his bond debt, and it is confessed that there is money enough 'in hand, for that purpose, without injury to other creditors of an equal or superior nature. Without entering, therefore, into a consideration of the charge of the Court of Common Pleas in all its detail, it is sufficient to say, that in its principles, so far as concerned the main point before them, it was not erroneous.
Judgment affirmed.